IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HECTOR FIGUEROA,**

    Plaintiff,

vs.                                   Case No. 4:12cv107-SPM/CAS

**JANE DOE, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff has filed a motion seeking to transfer this case back to the Southern District of Florida. Doc. 26. Plaintiff contends the transfer order "was a mistake because the appropriate venue under 28 U.S.C. § 1391(b)(2), would be the Southern District, because it is where the events giving rise to the claims occurred (Okeechobee Correctional Institution)." *Id.*

This case was transferred here in early March 2012. Doc. 24. The transfer order explained that transfer was recommended by Magistrate Judge White because "Plaintiff currently resides in the Northern District of Florida and the complaint strongly implies the stabbing at issue occurred in the Wakulla Correctional Institution in the Northern

District."  Doc. 21, p. 1.  Plaintiff objected to that report and recommendation and claimed the events at issue occurred at Okeechobee Correctional Institution.  Plaintiff was then ordered to file an amended complaint, and even after being granted an enlargement of time, Plaintiff had not filed the amended complaint.  *Id.*  Thus, this action was transferred to this Court because the events appeared to have occurred within this district, based upon the initial complaint.

Plaintiff's amended complaint was filed on March 7, 2012.  Doc. 23.  Review of that pleading indicates one Defendant is located at Lake Butler, Florida, which is within the Middle District of Florida, but all other Defendants are employed at Okeechobee Correctional Institution.  Doc. 23, p. 2.  The events alleged in the amended complaint all occurred at Okeechobee Correctional Institution, which is within the territorial jurisdiction of the Southern District of Florida.  *Id.*, at 3-6.  Based upon the factual allegations of the amended complaint, doc. 23, venue for this case is proper in the Southern District of Florida.  28 U.S.C. § 1391(b)(2).  Accordingly, Plaintiff's motion to transfer, doc. 26, should be granted and, pursuant to 28 U.S.C. § 89(c), this case should be transferred to the United States District Court for the Southern District of Florida, Miami Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  Plaintiff's delay in filing the amended complaint in the Southern District of Florida resulted in a needless transfer process, and has hindered justice in this case and others that must await while this case is again transferred.  Plaintiff is cautioned to timely comply with court orders in the future.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that Plaintiff's motion to transfer, doc. 26, be **GRANTED**, and this case be transferred back to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 10, 2012.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**